IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 2 LEMOYNE PARKWAY CONDOMINIUM ASSOCIATION, ) ) ) Plaintiff, ) ) v. ) ) TRAVELERS CASUALTY INSURANCE ) COMPANY OF AMERICA, ) ) Defendant. ) | Case No. 1:23-cv-2130 |

**TRAVELERS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNT II OF PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ("Travelers"), by and through its attorneys of record, and, for its Reply in Support of its Motion to Dismiss Count II from the Complaint of Plaintiff, 2 LEMOYNE PARKWAY CONDOMINIUM ASSOCIATION (the "Condo Association"), states as follows:

**ALLEGED CODE VIOLATIONS ARE INSUFFICIENT
TO SUPPORT A CLAIM UNDER SECTION 155**

The Condo Association concedes that its claim for relief under Section 155 is premised on its belief that Travelers violated its duties under the Illinois Administrative Code. Significantly, however, the Condo Association cannot bring an action against Travelers for violating Section 154.6 of the Illinois Insurance Code as enforcement of this provision and its related regulations rests solely with the Director of Insurance. *Van Vleck v. Ohio Casualty Ins. Co.,* 128 Ill.App.3d 959, 961, 471 N.E.2d 925, 927 (1st Dist.1984).

Moreover, alleging a violation of insurance regulations is insufficient to state a claim for damages under Section 155 because, in part, an improper claim practice is not in and of itself

"vexatious and unreasonable," which is the heightened conduct required to sustain an action under Section 155. Simply stated, it does not follow that a violation of the Illinois Administrative Code would, in turn, constitute a violation of Section 155 of the Illinois Insurance Code. *Whaley v. Kingsway America*, 2018 IL App (1st) 172406-U at ¶21 (2018). There, just as in this case, a plaintiff argued that an insurer's alleged violation of Part 919.80, in turn, constituted a violation of Section 155. The Court rejected this argument, holding:

> plaintiff relies on defendant's alleged violation of part 919.80(b)(2) of the Administrative Code … to argue that defendant's delay was unreasonable pursuant to section 155 of the Insurance Code. Yet plaintiff provides no legal authority to support the proposition that a violation of the Administrative Code amounts to a vexatious or unreasonable delay as contemplated by section 155 of the Insurance Code.

*See also, Pryor v. United Equitable Ins.* Co., 2011 IL App (1st) 110544, ¶ 8, 963 N.E.2d 299, 301 (2011), *citing Vine Street Clinic v. HealthLink, Inc*., 222 Ill.2d 276, 301, 856 N.E.2d 422 (2006) ("the Illinois Supreme Court has held that a private right of action is not necessarily available based on a violation of the Administrative Code rules").

Therefore, even if Travelers had violated the Codes (which it did not), any actual violation of the cited code and regulatory provisions is not, by itself, tantamount to a violation of Section 155. For example, Section 919.80(d)(7)(A) provides that "[a]n unreasonable delay to pay claims on policies of fire and extended coverage insurance … exists when a median payment period exceeds 40 calendar days." However, Section 155 requires both a vexatious and unreasonable delay to support a claim for relief, not to mention that no delay can be either vexatious or unreasonable if the insurer has either correctly denied the claim or "(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of

2

law." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). Without both vexatious and unreasonable conduct, there can be no recovery under Section 155, and the Association cannot merely allege violations of the insurance and regulatory codes as a substitute for alleging the facts necessary to establish Travelers' alleged vexatious and unreasonable conduct.

**THE COMPLAINT ESTABLISHES AS A MATTER OF LAW THAT TRAVELERS DID NOT VIOLATE THE ILLINOIS INSURANCE REGULATIONS OR ENGAGE IN VEXATIOUS AND UNREASONABLE CONDUCT**

Even assuming, *arguendo*, that a violation of the Administrative Code can support a claim for relief under Section 155, the Condo Association's Complaint establishes that Travelers satisfied its regulatory obligations despite the Condo Association's protestations to the contrary. In its Complaint, the Condo Association alleges "roof damage from wind, hail, and wind-driven debris resulting in interior water damage within the Property" from a March 3, 2022 storm. (Dkt. No. 1-1, ¶ 7). The Condo Association concedes that Travelers explained its claim decision in a letter dated April 27, 2022, which the Condo Association believes is attached as Exhibit B to its Complaint (it is not). No matter—the April 27 letter is attached here.[1]

The letter more than complies with Ill. Admin. Code tit. 50 § 919.50(a)(1), which requires that, "if a settlement of a claim is less than the amount claimed, or if the claim is denied, the company shall provide to the insured a reasonable written explanation of the basis of the lower offer or denial … [which] explanation shall clearly set forth the policy definition,

---

[1] Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim, and they may be considered by a district court in ruling on the motion to dismiss. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). It is clear that Travelers' letter is central to the Condo Association's claims because the Condo Association relies on the letter to support its Section 155 claim.

3

limitation, exclusion or condition upon which denial was based." This is precisely what Travelers' letter does.

First, it informs the Condo Association that the damage to the roof from the March 3, 2022 storm was $3,092.55, less than the insurance policy's $20,638.44 deductible. The letter then addresses the claim for interior water damage. The letter explains that the interior water damage did not result from the storm and then sets out, in full, the policy provision that excludes interior water damage if the water intrusion was not the result of a storm:

> **a.** We will not pay for loss of or damage to:
>
> **(1)** The "interior of any building or structure" or to personal property in the building or structure, caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
>
> **(a)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
>
> **(b)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

The letter then also sets out, in full, the policy exclusions for wear and tear and for faulty workmanship. The letter communicates to the Condo Association that while there was *de minimus* damage to the roof from the storm (below the deductible), the water intrusion did not result from that storm but, rather, from previous, excluded causes of loss.

The Condo Association obviously disagrees with Travelers' decision, which is why it has sued Travelers for breach of contract, but its arguments about the inadequacy of the written explanation of Travelers' decision are belied by what the letter actually says. Instead of supporting a claim for relief under Section 155, the letter underscores the *bona fide* nature of the parties' dispute over whether the March 2022 storm caused the interior water intrusion. The

4

letter similarly refutes the Condo Association's assertion that Travelers failed to adequately investigate the claim and failed to evaluate the claim objectively.

The Condo Association also takes issue with the letter because it does not provide "the statutorily-mandated calculation of the time to file suit," but Travelers is only statutorily mandated to do so "[w]hen the period within which the insured may bring suit under a residential fire and extended coverage policy is tolled in accordance with Section 143.1 of the Code [215 ILCS 5/143.1]." That section provides that "[w]henever any policy or contract for insurance … contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." Here, the Condo Association has not alleged that it filed proof of loss in the form required by the policy. Without such proof of loss, there is no tolling of the suit limitation, and without tolling, there was nothing for Travelers to say about tolling in its letter.

In its Response, the Condo Association tosses in "delay" for good measure, but the assertion is truly bizarre. As framed by its own Complaint, the storm occurred on March 3, 2022, notice was provided to Travelers on March 10, 2022, and Travelers informed the Condo Association of its claim decision on April 27, 2022. Travelers delayed nothing. The Condo Association nevertheless proceeds to argue that because *it* chose not to file suit until February 7, 2023, "as of the time of this filing over a year after the incident, the claim remains unresolved. Undoubtedly, by the time this matter is resolved, it would be reasonable for the Court to determine that Travelers unreasonably delayed settlement of the claim." (Response at p. 5). By that logic, every breach of insurance contract action would allow for Section 155 damages because of the time litigation takes. That is obviously not the standard. An insurer is *not* liable

5

merely for taking an unsuccessful position in litigation or because it is found liable for breaching its contract with the insured. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). The time it took the Condo Association to file suit, and the time it will take to resolve the suit, do not support relief for "delay" when Travelers has a bona fide basis to dispute coverage under the policy.

The Condo Association's Response is an exercise in grasping at straws to turn a straightforward breach of contract action into one where it hopes it can recover attorney's fees in the event it prevails on the contract action. But as the Condo Association concedes, "[a]n insurer's conduct may be vexatious and unreasonable if the insurer refuses to settle and proceeds to arbitration or trial without presenting a bona fide defense." (Response at p. 2). The Condo Association has alleged nothing to suggest that the parties have anything other than a bona fide dispute. The Condo Association concedes that "Section 155 of the Illinois Insurance Code was enacted by the legislature to provide a remedy to an insured who encounters unnecessary difficulties when an insurer withholds policy benefits," but it alleges no unnecessary difficulties. Instead, it alleges a bona fide disagreement framed by Travelers' letter explaining how the insurance policy applies to the claim. There is absolutely nothing in the Condo Association's Response, let alone its Complaint, which suggests any conduct that the Court could ever label vexatious *and* unreasonable.

This Court has dismissed many Section 155 claims at the pleadings stage even though factual questions were presented on whether the insurer breached the policy of insurance. *See, e.g.*, *9557, LLC and River West Meeting Associates, Inc. v. Travelers Indemnity Co. of Connecticut*, No. 15-cv-10882, 2016 WL 464276 (N.D. Ill. February 8, 2016); *Bao v. MemberSelect Ins. Co.*, No. 21 C 04119, 2022 WL 1211509 (N.D. Ill. April 25, 2022); *Federal*

6

*Ins. Co. v. Healthcare Information and Management Systems Society, Inc.*, 567 F.Supp.3d 893 (N.D. Ill. 2021); *Clinical Wound Solutions, LLC v. Northwood, Inc.*, No. 18-cv-07916, 2020 WL 2085509 (N.D. Ill. April 30, 2020); *Hanover Ins. Co. v. R.W. Dunteman Co.*, No. 19-cv-1979, 2020 WL 1042053, *2 (N.D. Ill. March 4, 2020); *70th Court Industrial Condominium #2 v. Travelers Casualty Ins. Co. of America*, No. 16 C 6483, 2017 WL 1386179 (N.D. Ill. April 18, 2017). The Court should do so again here because the alleged facts that might support a claim for breach of contract do not support a claim for relief under Section 155.

WHEREFORE, Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, renews its prayer for the entry of an Order dismissing with prejudice the claim for damages under 215 ILCS 5/155 stated in the Complaint of Plaintiff, 2 LEMOYNE PARKWAY CONDOMINIUM ASSOCIATION (the "Condo Association"), together with such other and further relief deemed just and proper.

Respectfully submitted,

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
312-863-5099 (fax)
torlando@fgppr.com

Attorneys for Defendant,
TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 30th day of May, 2023.

**Attorneys for Plaintiff**
David A. Eisenberg
Ross M. Good
Loftus & Eisenberg, Ltd.
161 N. Clark, Suite 1600
Chicago, IL 60601
(312) 899-6625
david@loftusandeisenberg.com
ross@loftusandeisenberg.com

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
312-863-5099 (fax)
torlando@fgppr.com