**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| 2 LeMoyne Parkway Condominium Association | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.:23-cv-02130<br>Judge LaShonda A. Hunt |
| v. | ) ) ) | |
| Travelers Casualty Insurance Company of America, | ) ) ) ) | |
| Defendant. | ) | |

**INITIAL STATUS REPORT FOR REASSIGNED CASE**

**I.     Nature of the Case**

- Identify the attorneys of record for each party.
  - For 2 LeMoyne Parkway Condominium Association
    David A. Eisenberg
    Ross Good
    Loftus & Eisenberg, Ltd.
    161 N. Clark Street, Suite 1600
    Chicago, IL 60601
  - For Travelers Casualty Insurance Company of America
    Thomas Orlando
    Foran Glennon
    222 N. LaSalle Street, Suite 1400
    Chicago, Illinois 60601

- State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. See Heinen v. Northrop Grumman Corp., 671 F.3d 669 (7th Cir. 2012). If any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. See Belleville Catering Co. v. Champaign Market Place LLC, 350 F.3d 691 (7th Cir. 2003); Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 1998); Carden v. Arkoma Assoc., 494 U.S. 185 (7th Cir. 1990).
  - Defendant removed the lawsuit to federal court under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 based upon diversity jurisdiction in

1

- that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.
- Plaintiff is an Illinois corporation with a principal place of business in Illinois.
- Defendant is a Connecticut corporation with its principal place of business in Connecticut.

- Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.
  - This is a dispute between a condominium association and its insurance company regarding the extent of coverage for storm-related damage. Defendant asserts that the damage is excluded from coverage.

- Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.

  - Plaintiff seeks insurance coverage from Defendant for storm related damage and estimates that the replacement cost value of the work is $287,474.11.

- List the names of any parties who have not yet been served.
  - None.

## II.   Discovery and Pending Motions

- Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.
  - Defendant filed a partial motion to dismiss (Count II pursuant to Fed. R. Civ. P. 12(b)(6)) on May 2, 2023. Plaintiff filed its Response on May 25, 2023 and Defendant filed its Reply on May 30, 2023. The matter is fully briefed. The Court has taken the motion under advisement. (Doc. 16).

- What is the current discovery schedule?
  - There is no discovery schedule currently in place.

- Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completing discovery by the current deadline.
  - The Parties have not conducted any fact or expert discovery.
  - The Parties will need to conduct written and oral fact discovery followed by expert discovery.
  - The Parties can promptly issue written discovery requests.

- Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)
  - None.

- Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.
  - Plaintiff believes the case is largely dependent on expert witnesses and expert discovery, which will likely preclude summary judgment. Beyond the current motion, Plaintiff does not anticipate many motions.
  - Defendant believes that the application of the subject policy exclusion is a question of law that can be determined on summary judgment if the underlying facts regarding the source of the interior water intrusion are undisputed.

### III. Trial

- Have any of the parties demanded a jury trial?
  - No.

- What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?
  - There is no trial date currently.
  - The parties would likely be ready for trial within 12-18 months.

- Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?
  - No. There is currently deadline for filing.

- Estimate the number of trials days.
  - 5 days.

### IV. Settlement, Referrals, and Consent

- Have any settlement discussions taken place? If so, what is the status?
  - Plaintiff invited settlement discussions and counsel engaged in a phone call. However, it was determined that any settlement discussions are premature until plaintiff provides the opinion of an expert.

- Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?
  - No.

- Do the parties request a settlement conference at this time before this Court

3

or the Magistrate Judge?
- Plaintiff welcomes a settlement conference with either the Court or the Magistrate Judge. Defendant believes a settlement conference is currently premature.

- Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?
  - Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and the parties are considering whether to consent to that procedure.

## V.     Other

- Is there anything else that the plaintiff(s) wants the Court to know?
  - Even if this Court grants Defendant's partial motion to dismiss (Doc. 11), it will not impact the discovery sought in this litigation.
- Is there anything else that the defendant(s) wants the Court to know?
  - Not at this time.

Dated: July 14, 2023                                   Respectfully submitted,

**Travelers Casualty Insurance**              **2 LEMOYNE PARKWAY**
**Company of America**                         **CONDOMINIUM ASSOCIATION,**
Defendant                                      Plaintiff

/s/ Thomas B. Orlando                          /s/ Ross M. Good

Thomas B. Orlando                              David A. Eisenberg
FORAN GLENNON PALANDECH PONZI &                Ross M. Good
RUDLOFF PC                                     LOFTUS & EISENBERG, LTD.
222 N. LaSalle Street, Suite 1400              161 N. Clark, Suite 1600
Chicago, IL 60601                              Chicago, Illinois 60601
312-863-5000                                   T: 312.899.6625
312-863-5099 (fax)                             david@loftusandeisenberg.com
torlando@fgppr.com                             ross@loftusandeisenberg.com