**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| 2 LeMoyne Parkway Condominium Association )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Travelers Casualty Insurance Company of )<br>America, )<br>)<br>Defendant. ) | Case No.:23-cv-02130<br>Magistrate Judge Beth W. Jantz |

**JOINT STATUS REPORT**

 **I.** **Nature of the Case**

   A. Identify the attorneys of record for each party.
- For 2 LeMoyne Parkway Condominium Association
  David A. Eisenberg
  Ross Good
  Loftus & Eisenberg, Ltd.
  161 N. Clark Street, Suite 1600
  Chicago, IL 60601
- For Travelers Casualty Insurance Company of America
  Thomas Orlando
  Foran Glennon
  222 N. LaSalle Street, Suite 1400
  Chicago, Illinois 60601

   B. State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. See Heinen v. Northrop Grumman Corp., 671 F.3d 669 (7th Cir. 2012). If any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. See Belleville Catering Co. v. Champaign Market Place LLC, 350 F.3d 691 (7th Cir. 2003); Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 1998); Carden v. Arkoma Assoc., 494 U.S. 185 (7th Cir. 1990).
- Defendant removed the lawsuit to federal court under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 based upon diversity jurisdiction in that it is a civil action between citizens of different states and the

     matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.
- Plaintiff is an Illinois corporation with a principal place of business in Illinois.
- Defendant is a Connecticut corporation with its principal place of business in Connecticut.

  C. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.
- This is a dispute between a condominium association and its insurance company regarding the extent of coverage for storm-related damage. Defendant asserts that the damage is excluded from coverage.

  D. Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.

- Plaintiff seeks insurance coverage from Defendant for storm related damage and estimates that the replacement cost value of the work is $287,474.11.

  E. List the names of any parties who have not yet been served.
- None.

## II. Discovery and Pending Motions

  A. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.
- Defendant filed a partial motion to dismiss (Count II pursuant to Fed. R. Civ. P. 12(b)(6)) on May 2, 2023. Plaintiff filed its Response on May 25, 2023 and Defendant filed its Reply on May 30, 2023. The matter is fully briefed. The Court has taken motion under advisement. (Doc. 16).

  B. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completing discovery by the current deadline.
- The Parties have not conducted any fact or expert discovery.
- The Parties will need to conduct written and oral fact discovery followed by expert discovery.
- The Parties can promptly issue written discovery requests.
- The Parties' Discovery Proposal:
  - Rule 26 (a)(1) disclosures are due by 8/31/2023
  - Fact discovery completion 12/29/2023;
  - Plaintiff's expert reports are due by 2/29/2024

- Plaintiff's expert depositions completion date 3/29/2024
- Defendant's expert reports are due by 5/31/2024
- Defendant's expert depositions completion date 6/28/2024
- The Parties do not anticipate ESI issues given the nature of discovery sought in this matter;
- Settlement Conference upon Completion of Expert Discovery;
- Court to Schedule Briefing Motions for Summary Judgment should a Settlement Conference not resolve this matter;
- Trial for any issues unresolved by Parties' Motions for Summary Judgment.

C. Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)
- None.

D. Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.
- Plaintiff believes the case is largely dependent on expert witnesses and expert discovery, which will likely preclude summary judgment. Beyond the current motion, Plaintiff does not anticipate many motions. Defendant contends that certain coverage issues may be resolvable on summary judgment if certain underlying material facts are undisputed.

## III. **Trial**

A. Have any of the parties demanded a jury trial?
- No.

B. What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?
- There is no trial date currently.
- The parties would likely be ready for trial within 12-18 months.

C. Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?
- No. There is currently no deadline for filing.

D. Estimate the number trials days.
- 5 days.

## IV. **Settlement, Referrals, and Consent**

A. Have any settlement discussions taken place? If so, what is the status?
- Plaintiff invited settlement discussions and counsel engaged in a phone call. However, it was determined that any settlement discussions are premature until plaintiff provides the opinion of an expert.

B. Do the parties request a settlement conference at this time?
- Plaintiff welcomes a settlement conference. Defendant believes a settlement conference is currently premature.

Dated: August 7, 2023   Respectfully submitted,

**Travelers Casualty Insurance Company of America**
Defendant

/s/ Thomas B. Orlando

Thomas B. Orlando
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
312-863-5099 (fax)
torlando@fgppr.com

**2 LEMOYNE PARKWAY CONDOMINIUM ASSOCIATION,**
Plaintiff

*/s/ David A. Eisenberg*

David A. Eisenberg
Ross M. Good
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
david@loftusandeisenberg.com
ross@loftusandeisenberg.com

4