UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 2 LEMOYNE PARKWAY CONDOMINIUM ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | ) ) ) ) |
| Defendant. | ) ) |

Case No. 23-cv-2130

Magistrate Judge Beth W. Jantz

**MEMORANDUM OPINION AND ORDER**

For the reasons discussed more fully below, Defendant's Motion to Dismiss [11] is denied. The status hearing set for January 18, 2024 at 10:15 a.m. remains set. Defendant is ordered to file an amended Answer that responds to the allegations in Count II of Plaintiff's complaint within 21 days of this order being entered.

**BACKGROUND**

Plaintiff is a condominium association that manages a property at 2 Le Moyne Parkway, Oak Park, Illinois (the "Property"). [Dkt. 1-1 at ¶¶ 1, 5-6.] Defendant Travelers Casualty Insurance Company of America ("Travelers") issued a commercial general liability policy to Plaintiff, which insured the Property "against risks of direct physical loss or damage to the Property, subject to all terms, conditions, limitations and exclusions stated therein." [*Id*. at ¶¶ 5-6.] On March 10, 2022, Plaintiff informed Travelers that the roof of the Property sustained damage from wind, hail, and wind-driven debris, which in turn caused interior water damage on or about March 3, 2022." [*Id*. at ¶ 7.] On April 7, 2022, Travelers inspected the damage to the Property,

1

and "Travelers informed [Plaintiff] that the Policy provided no coverage for the interior water damage being claimed." [*Id.* at 9.] Travelers estimated the replacement cost to be $3,092.55, and explained that it was denying coverage because "interior water damages were caused by rain, snow, sleet or ice entering the building through openings in the roof surface not caused by a covered peril." [*Id*. at ¶¶ 9-10.] On April 27, 2022, Travelers rejected Plaintiff's sworn proof of loss. [*Id.* at ¶ 15.] Thereafter, Plaintiff hired a contractor "to shrink wrap the roof in accordance with manufacture installation instructions to prevent any further damage" on June 11, 2022, at a cost of $10,423.60. [*Id*. at ¶¶ 11-12.] On June 15, 2022, Plaintiff "retained Semper Fi Public Adjusters . . . to act as its public adjuster," who inspected the property two weeks later and "estimated that the cost of interior and exterior repairs from the March 3, 2022 damage would be $287,474.11." [*Id*. at ¶¶ 13-14.] To date, Travelers has only acknowledged a replacement cost of $3,092.55, and "has never offered to mitigate or repair the damage caused on March 3, 2022." [*Id.* at ¶ 16.]

On February 7, 2023, Plaintiff filed suit against Travelers in the Circuit Court of Cook County,[1] alleging breach of contract (Count I) and Insurance Bad Faith (Count II). In support of Count II, Plaintiff alleges that Travelers "denied coverage based upon questionable grounds," and that the denial was "unreasonable and vexatious for the following reasons: a. Travelers failed to adequately investigate the Claim; b. Travelers failed to evaluate the Claim objectively; c. Travelers unreasonably delayed settlement of the Claim; d. Travelers never provided the statutorily-mandated calculation of time to file suit; and e. Travelers forced Plaintiff to file suit to recover the

---

[1] The case was timely removed to this Court on April 4, 2023. [Dkt. 1.] Diversity jurisdiction is satisfied because Plaintiff is an Illinois Corporation with its principal place of business in Illinois, Travelers is a Connecticut Corporation with its principal place of business in Connecticut, and the complaint alleges damages in excess of the jurisdictional threshold. [Dkt. 1 at ¶¶ 5-7.] The parties consented to the Magistrate Judge's jurisdiction on July 25, 2023. [Dkt. 22.]

2

disputed amount of the Claim." [*Id*. at ¶¶ 24-25.] On May 2, 2023, Travelers filed a motion to dismiss Count II, which is fully briefed and ripe for disposition. [Dkt. 11, 13, 14.]

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529–30, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, a Plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the Plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## DISCUSSION

The Court finds that Count II of Plaintiff's complaint is adequately pled. Section 155 of the Illinois Insurance Code states, in relevant part, that "[i]n any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, [and] other costs." 215 ILCS 5/155(1). "The Seventh Circuit has held that an insurer's conduct is vexatious and unreasonable when 'the evidence shows that the insurer's behavior was willful and without reasonable cause.'" *P&M/Mercury Mech. Corp. v. West Bend Mut. Ins. Co.*, 483 F. Supp. 2d 601, 603 (N.D. Ill. 2006)

(quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir.2000)). "An insurer does not act vexatiously and unreasonably when (1) there is a *bona fide* dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Id*. "Overall, claims that an insurer engaged in vexatious and unreasonable claims handing (sic) turn on the totality of the circumstances." *Tower Crossing Condo. Assoc., Inc. v. Affiliated FM Ins. Co.*, Case No. 21-cv-06228, 2023 WL 1069852, at *5 (N.D. Ill. Jan. 27, 2023) (citing *Smith v. Equitable Life Assurance Soc'y of the United States*, 67 F.3d 611, 618 (7th Cir. 1995)).

Here, the Court finds that Plaintiff has adequately alleged a cause of action under Section 155. Plaintiff has done more than simply restate a conclusory allegation that Travelers acted vexatiously and unreasonably. Count II of Plaintiff's complaint puts Travelers on notice for precisely what behavior it alleges constituted unreasonable and vexatious behavior on the part of Travelers – namely, it failed to adequately investigate the claim, it failed to objectively evaluate the claim, it unreasonably delayed settlement, it did not provide the statutorily-mandated calculation of time to file suit, and it forced Plaintiff to file suit to recover the disputed amount. [Dkt. 1-1 at ¶ 25.] Taking these allegations as true – as the Court must on a 12(b)(6) motion – they make out a valid claim pursuant to Section 155 of the Illinois Insurance Code.

A recent decision by another court in this district supports that finding. In *Tower Crossing*, the plaintiff condominium association had taken out an insurance policy that protected against property damage. 2023 WL 1069852, at *1. A hailstorm and wind severely damaged the property and the condominium association filed a claim under their policy with the defendant insurance company. *Id*. The insurance company estimated the damage at $203,982.19; the condominium

association hired its own investigator who opined that the insurance company's proposed method of repair was likely to cause more damage to the roof, and the plaintiff submitted the investigator's report and a proof of loss for $4,341,149.36. *Id.* at *2. When the insurance company rejected the proof of loss as well as the condominium association's request to meet and test the proposed repairs, the condominium association sued the insurance carrier alleging, *inter alia*, violations of Section 155. *Id.* The insurance company moved to dismiss, arguing that the complaint failed to allege any bad faith or unreasonable conduct. *Id.* The court rejected that argument, reasoning:

> Here, the Complaint alleges that [the insurance company] engaged in vexatious and unreasonable conduct by: (a) "low-balling" a settlement amount with intent to deprive [the condo association] of the value of its claim; (b) refusing to conduct a test repair without justification; (c) unreasonably suggesting that the roof shingles remained repairable; and (d) unreasonably waiting more than a year to issue a partial payment on the claim. Contrary to [the insurance company's] contention, these allegations do not constitute legal conclusions without factual support; rather, the Complaint describes the alleged acts demonstrating vexatious and unreasonable conduct. Although [the insurance company] insists that it had legitimate or *bona fide* reasons for acting as it did, the Complaint's allegations plausibly suggest a right to relief.

*Id.* at *5 (internal citations omitted).

Here, too, the Court finds that the complaint sufficiently outlines the alleged acts that Plaintiff claims demonstrate vexatious and unreasonable behavior by Travelers. For example, if Plaintiff is correct that Travelers did not adequately investigate the claim and failed to objectively evaluate the claim, such actions could constitute vexatious and unreasonable behavior. *See Barn II, Inc. v. West Bend Mut. Ins. Co.*, Case No 1:17-cv-01184, 2018 WL 475001, at *2 (C.D. Ill. Jan. 18, 2018) (allowing Section 155 claim to proceed where plaintiff alleged, among other things, that insurance company "failed to objectively investigate its claim prior to denying it"); *see also Markel American Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011) ("An insurer who

5

misrepresents facts, denies coverage after refusing to conduct an adequate investigation, and bases its decision upon speculation or incomplete information could be considered to have acted without reasonable cause.")[2] As such, the Court rejects Travelers' contention that Plaintiff's claim should be dismissed because it fails to allege facts supporting the legal conclusion that Travelers acted unreasonably and vexatiously, and distinguishes the cases cited by Travelers where courts denied claims for failure to allege adequate facts in support of a Section 155 claim.[3] [*See* Dkt. 11 at 4-6.] While Travelers may ultimately be able to prove that it acted reasonably and that this entire matter amounts to no more than a *bona fide* insurance dispute, the Court cannot say that Plaintiff's complaint falls short of alleging facts that would make out a claim of bad faith. Because the complaint plausibly alleges a violation of Section 155, the Court denies Travelers' motion to dismiss.

.

---

[2] Much like the instant suit, the *Markel* court also denied the insurer's motion to dismiss, holding "[a]lthough [plaintiff] does not plead precisely which facts Markel misrepresents or describe the way in which its investigation was inadequate, the pleading rules do not require such specificity." 787 F. Supp. 2d at 779.

[3] For example, *Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *2 (N.D. Ill. Sept. 10, 2007), is distinguishable because the city failed to give the insurance company notice of a suit until trial had already started and failed to allege a "modicum of factual support" for its claim that the denial of coverage was vexatious and unreasonable. In the instant suit, Plaintiff promptly provided notice of its claim, [Dkt. 1-1 at ¶ 7], and has alleged in its Complaint several facts that could support a finding of vexatious action. Similarly, in *Kondaur Capital Corp. v. Stewart Title Co.*, No. 11 C 7038, 2012 WL 367054, at *5 (N.D. Ill. Feb. 2, 2012), the court granted the motion to dismiss because "Plaintiff offer[ed] no factual support whatsoever in support of its conclusion that Defendant 'has unreasonably and vexatiously refused to' defend or indemnity Plaintiff." Again, the Court finds that Plaintiff has adequately alleged facts that, if proven, would support the conclusion that Travelers violated Section 155, and is therefore distinguishable from *Kondaur Capital*.

6

E N T E R:

Dated: January 2, 2024

_____

BETH W. JANTZ

United States Magistrate Judge