IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 2 LEMOYNE PARKWAY CONDOMINIUM ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No. 1:23-cv-2130 |

### TRAVELERS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ("Travelers"), for its Amended Answer to the Complaint of Plaintiff, 2 LEMOYNE PARKWAY CONDOMINIUM ASSOCIATION (the "Condo Association"), states as follows:

### PARTIES

1. Plaintiff, 2 LeMoyne Parkway Condominium Association d/b/a 2 Le Moyne Condo Association (the "Condo Association"), is domiciled at 2 Le Moyne Pkwy, Oak Park, IL 60302.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation of Paragraph 1 that the Condo Association is domiciled at 2 Le Moyne Pkwy, Oak Park, IL 60302 and, therefore, neither admits nor denies same. Travelers admits that the Condo Association was and is an Illinois corporation with its principal place of business located at 2 Le Moyne Pkwy, Oak Park, IL 60302.

2. On information and belief, Defendant, Travelers Casualty Insurance Company of America ("Travelers"), is an insurance company authorized to do business in Illinois with offices located in Naperville, Illinois. Travelers issued the insurance policy in question in Illinois.

**ANSWER:** Travelers admits the allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. Jurisdiction over Defendant is proper by virtue of 735 ILCS 5/2-209(a)(l) and (4) as Defendant issued an insurance policy for property located in this county.

**ANSWER:** Travelers denies the allegations of Paragraph 3 because the case has been removed to this Court. Travelers admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The matter is one between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this county by virtue of 735 ILCS 5/2-101 in that the property at issue is in this county.

**ANSWER:** Travelers denies the allegations of Paragraph 4 because the case has been removed to this Court. Travelers admits that this Court has venue pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is located within this judicial district and that a substantial part of the events giving rise to this action occurred in this judicial district.

## BACKGROUND FACTS

5. Travelers issued to the Condo Association a commercial general liability policy with policy number 680-9J477128-21-42 (the "Policy"). The Policy was in effect on March 3, 2022. A copy of the Policy is attached hereto as Exhibit A.

**ANSWER:** Travelers denies the allegations of Paragraph 5 except as specifically admitted. Travelers admits that it issued to the Condo Association a "Condominium Pac" policy of insurance with policy number 680-9J477128-21-42 (the "Policy") which was in effect on March 3, 2022.

6. The Policy insured the Condo Association's interest in 2 Le Moyne Pkwy, Oak Park, IL 60302 (the "Property"), against risks of direct physical loss of or damage to the Property, subject to all the terms, conditions, limitations and exclusions stated therein.

**ANSWER:** Travelers admits the allegations of Paragraph 6.

7. On March 10, 2022, the Condo Association notified Travelers of roof damage from wind, hail, and wind-driven debris resulting in interior water damage within the Property on or about March 3, 2022. Travelers assigned it claim number FTG7734 (the "Claim").

**ANSWER:** Travelers denies the allegations of Paragraph 7 except as specifically admitted. Travelers admits that, on March 10, 2022, the Condo Association notified Travelers of roof damage and that Travelers assigned the claim number FTG7734 (the "Claim").

8. On April 7, 2022, Travelers inspected the damages with the Condo Association and its contractor.

**ANSWER:** Travelers admits the allegations of Paragraph 8.

9. On April 27, 2022, Travelers informed the Condo Association that the Policy provided no coverage for the interior water damage being claimed. Travelers estimated the replacement cost to be $3,092.55.

**ANSWER:** Travelers denies the allegations of Paragraph 9 except as specifically admitted. Travelers admits that, on April 27, 2022, it informed the Condo Association that the Policy does not provide coverage for the claimed interior water damage and that the full cost of repair or replacement for the covered damage to the roof is $3,092.55, which is less than the $20,638.44 Policy deductible.

10. Travelers explained the basis for denial of coverage was "interior water damages were caused by rain, snow, sleet or ice entering the building through openings in the roof surface not caused by a covered peril." Travelers' explanation of non-covered portion is attached hereto as Exhibit B.

**ANSWER:** Travelers denies the allegations of Paragraph 10 except as specifically admitted. Travelers admits that it denied the claim for interior water damage, explaining "that the interior water damages were the result of rain, snow, sleet or ice entering the building through an opening not caused by a covered peril," and that the Policy expressly did not cover "loss of or damage to: (1) The 'interior of any building or structure' or to personal property in the building or structure, caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless: (a) The building or structure first sustains damage by a Covered Cause of

3

Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters," and further excluded "loss or damage caused by or resulting from … Wear and tear … [or] Faulty, inadequate or defective: (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation or remodeling; or (4) Maintenance."

11. On May 27, 2022, the Condo Association hired John Farenzena P.A. of Dragon Exteriors ("Dragon Exteriors") to act as its public adjuster.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 11 and, therefore, neither admits nor denies same.

12. On June 11, 2022, Dragon Exteriors was contracted by the Condo Association to shrink wrap the roof in accordance with manufacture installation instructions to prevent any further damage to the property at a cost to the Condo Association of $10,423.60.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 12 and, therefore, neither admits nor denies same.

13. On June 15, 2022, the Condo Association retained Semper Fi Public Adjusters ("Semper Fi PA") to act as its public adjuster.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 13 and, therefore, neither admits nor denies same.

14. On June 30, 2022, Semper Fi PA inspected the Property and estimated that the cost of interior and exterior repairs from the March 3, 2022 damage would be $287,474.11.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 14 and, therefore, neither admits nor denies same.

15. By letter dated April 27, 2022, Travelers rejected the Condo Association's sworn proof of loss.

**ANSWER:** Travelers denies the allegations of Paragraph 15.

4

16. Despite only acknowledging the replacement cost to be $3,092.55, Travelers has never offered any of the costs to mitigate or repair the damage caused on March 3, 2022.

**ANSWER:** Travelers denies the allegations of Paragraph 16 except as specifically admitted. Travelers admits that it determined that the full cost of repair or replacement for the covered damage to the roof is $3,092.55, which is less than the $20,638.44 Policy deductible.

## COUNT I
## Breach of Contract

17. The Condo Association realleges paragraphs 1 through 16 as paragraph 17 of Count I.

**ANSWER:** Travelers repeats and incorporates its Answers to Paragraphs 1 through 16 as its Answer to Paragraph 17 of Count I as if fully set forth herein.

18. The Policy between the Condo Association and Travelers is a valid and enforceable contract.

**ANSWER:** Travelers admits the allegations of Paragraph 18.

19. The Condo Association satisfied its contractual obligations by paying its premiums, timely notifying Travelers of a covered loss due to hail and submitting a sworn proof of loss.

**ANSWER:** Travelers denies the allegations of Paragraph 19.

20. Travelers breached its contractual obligations under the Policy by denying liability for a covered loss.

**ANSWER:** Travelers denies the allegations of Paragraph 20.

21. The Condo Association has been damaged in the amount of at least $287,474.11 as a result of Travelers' breach of the Policy.

**ANSWER:** Travelers denies the allegations of Paragraph 21.

WHEREFORE, Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, demands judgment in its favor and against Plaintiff, 2 LEMOYNE PARKWAY CONDOMINIUM ASSOCIATION, on all allegations and causes of action contained in Count I of its Complaint.

## COUNT II
### Insurance Bad Faith

22. The Condo Association realleges paragraphs 1 through 21 as of the Complaint as paragraph 22 of Count II.

**ANSWER:** Travelers repeats and incorporates its Answers to Paragraphs 1 through 21 as its Answer to Paragraph 22 of Count II as if fully set forth herein.

23. Under Section 155 of the Illinois Insurance Code, an insured may recover damages from an insurer if the insurer disputes the amount of the loss payable on a claim, delays settling a claim, or refuses to provide coverage and the insurer's action or delay was unreasonable and vexatious. 215 ILCS 5/155.

**ANSWER:** This paragraph states a legal conclusion as to which no response is required. To the extent Travelers is required to respond, Travelers denies the allegations of Paragraph 23 to the extent they imply that Travelers violated Section 155 of the Illinois Insurance Code.

24. Here, Travelers denied coverage based upon questionable grounds.

**ANSWER:** Travelers denies the allegations of Paragraph 24.

25. Travelers' denial of coverage was unreasonable and vexatious for the following reasons:

    a. Travelers failed to adequately investigate the Claim;

    b. Travelers failed to evaluate the Claim objectively;

    c. Travelers unreasonably delayed settlement of the Claim;

      d.   Travelers never provided the statutorily-mandated calculation of the time to file suit; and

      e.   Travelers forced Plaintiff to file suit to recover the disputed amount of the Claim.

**ANSWER:**   Travelers denies the allegations of Paragraph 25.

      26.   Travelers' conduct and its denial of coverage was, therefore, unreasonable and vexatious.

**ANSWER:**   Travelers denies the allegations of Paragraph 26.

WHEREFORE, Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, demands judgment in its favor and against Plaintiff, 2 LEMOYNE PARKWAY CONDOMINIUM ASSOCIATION, on all allegations and causes of action contained in Count II of its Complaint.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ("Travelers"), by and through its attorneys, and for its Affirmative Defenses to the Complaint, states as follows. By alleging these "Affirmative Defenses," Travelers does not assume any burdens of proof or production not otherwise imposed by law. Travelers reserves the right to supplement, amend, modify, add or delete defenses as further information is developed in discovery.

## FIRST AFFIRMATIVE DEFENSE

      1.   Plaintiff alleges "roof damage from wind, hail, and wind-driven debris resulting in interior water damage within the Property on or about March 3, 2022."

2.	Travelers retained a registered roof consultant and a professional engineer, and they determined that (1) the Property suffered wind damage at the northeast corner of the roof, (2) there was no evidence of interior leaking that correlated to storm-induced damage to the roof, and (3) the single interior leak location on the southeast side of the Property resulted from open seams and flashings from poor installation techniques.

3.	Travelers determined that the full cost of repair or replacement for the covered damage to the roof is $3,092.55, which is less than the $20,638.44 Policy deductible.

4.	Travelers informed the Condo Association "that the interior water damages were the result of rain, snow, sleet or ice entering the building through an opening not caused by a covered peril," and that the Policy did not cover "loss of or damage to: (1) The 'interior of any building or structure' or to personal property in the building or structure, caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless: (a) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters," and further excluded "loss or damage caused by or resulting from … Wear and tear … [or] Faulty, inadequate or defective: (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction, renovation or remodeling; or (4) Maintenance."

5.	Specifically, the Policy states, in relevant part, as follows:

**BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM**
**MP T1 02 02 05, Pages 3-4, 24 and 26 of 39**

A.  **COVERAGE**

\*   \*   \*

4.  **Covered Causes of Loss**

RISKS OF DIRECT PHYSICAL LOSS unless the loss is:

8

    **a.** Limited in Paragraph **A.5.**, Limitations; or
    **b.** Excluded in Paragraph **B.**, Exclusions.

**5. Limitations**

    **a.** We will not pay for loss of or damage to:

        **(1)** The "interior of any building or structure" or to personal property in the building or structure, caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

            **(a)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

            **(b)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

        \*     \*     \*

**B. EXCLUSIONS**

        \*     \*     \*

    **2.** We will not pay for loss or damage caused by or resulting from any of the following:

        \*     \*     \*

    **d. (1)** Wear and tear;

        \*     \*     \*

    **3.** We will not pay for loss or damage caused by or resulting from any of the following under Paragraphs **a.** through **c.** But if an excluded cause of loss that is listed in Paragraphs **a.** and **b.** below results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss.

        \*     \*     \*

    **c.** Faulty, inadequate or defective:

        \*     \*     \*

  **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

  **(3)** Materials used in repair, construction, renovation or remodeling; or

  **(4)** Maintenance;

of part or all of any property on or off the described premises.

6. Pursuant to the foregoing Policy limitations and exclusions, as well as the deductible, Travelers has no liability to the Condo Association under the Policy.

WHEREFORE, Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, demands judgment in its favor and against Plaintiff, 2 LEMOYNE PARKWAY CONDOMINIUM ASSOCIATION, on all allegations and causes of action contained in its Complaint.

    /s/ Thomas B. Orlando
    Thomas B. Orlando
    FORAN GLENNON PALANDECH
    PONZI & RUDLOFF PC
    222 N. LaSalle Street, Suite 1400
    Chicago, IL 60601
    312-863-5000
    torlando@fgppr.com

    Attorneys for Defendant,
    TRAVELERS CASUALTY INSURANCE
    COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 22nd day of January, 2024.

**Attorneys for Plaintiff**
David A. Eisenberg
Ross M. Good
Loftus & Eisenberg, Ltd.
161 N. Clark, Suite 1600
Chicago, IL 60601
(312) 899-6625
david@loftusandeisenberg.com
ross@loftusandeisenberg.com

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
312-863-5099 (fax)
torlando@fgppr.com